## **EXHIBIT 1**

### **Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1] | Case No. 16-11626 (BLS) |
| Debtors. | (Jointly Administered) |
| SC MESABI LITIGATION TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 18-50555 (BLS) |
| CENTRAL BANK OF INDIA, AND EXPORT IMPORT BANK OF INDIA, | |
| Defendants. | **Re: Adv. Docket No. 31** |

## STIPULATION REGARDING TRUSTEE'S FURTHER
## EXTENSION OF TIME TO AMEND COMPLAINT

This *Stipulation Regarding Trustee's Further Extension of Time to Amend Complaint* (the "Stipulation") is made as of December 11, 2020, by and among Bradley E. Scher, in his capacity as Litigation Trustee of the SC Mesabi Litigation Trust (the "Trustee"), and the Central Bank of India and the Export-Import Bank of India (together, the "Supplier Credit Lenders" and together with the Trustee, the "Parties").

## RECITALS

**WHEREAS,** on June 20, 2018, the Trustee filed a complaint initiating the above-captioned adversary proceeding against the Supplier Credit Lenders [Adv. Docket No. 1] (the "Complaint");

---

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

**WHEREAS,** on November 5, 2018, the Supplier Credit Lenders filed the *Defendants Central Bank of India and Export Import Bank of India's Motion to Dismiss the Complaint* [Adv. Docket No. 10] (the "<u>Motion to Dismiss</u>");

**WHERAS,** on October 29, 2020, the Court granted the Motion to Dismiss and entered the *Order Granting Defendants Central Bank of India and Export Import Bank of India's Motion to Dismiss the Complaint* [Adv. Docket No. 31] (the "<u>Dismissal Order</u>"), but also provided the Trustee an opportunity to file an amended complaint against the Supplier Credit Lenders;

**WHEREAS,** pursuant to the Dismissal Order, the deadline for the Trustee to amend the Complaint was set for December 14, 2020 (the "<u>Repleading Deadline</u>");

**WHEREAS,** during the period before the Repleading Deadline, the Parties engaged in preliminary settlement discussions in an effort to resolve all matters related to this action pending before this Court, and seek an extension of the Repleading Deadline to continue such discussions;

**WHEREAS,** the Parties have agreed, as set forth herein, that the Trustee's deadline to amend the Complaint shall be extended through and including February 14, 2021;

**NOW, THEREFORE,** in consideration of the foregoing recitals and the mutual promises hereinafter contained, the Parties, intending to be legally bound, hereby stipulate and agree as follows:

<u>STIPULATION</u>

1.      The Parties agree that, notwithstanding anything to the contrary in the Dismissal Order, the deadline for the Trustee to amend the Complaint is hereby extended through and including February 14, 2021, which may be further extended by agreement of the Parties.

DOCS_DE:232054.2 56774/001

2.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

3.      The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

4.      This Stipulation shall be governed by and construed in accordance with the United States Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.

5.      This Stipulation may be executed in any number of counterparts, and each such counterpart is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement.  Further, electronic signatures or transmissions of an originally signed document by facsimile or electronic mail shall be as fully binding on the Parties as an original document.

6.      The Bankruptcy Court shall have and retain jurisdiction to resolve any disputes or controversies arising from, in connection with, or related to this Stipulation.

7.      Notwithstanding the possible application of any Federal Rule of Bankruptcy Procedure to the contrary, the Order approving this Stipulation shall be in full force and effect upon its entry.

[*Signature Page to Follow*]

Dated: December 11, 2020

**LANDIS RATH & COBB LLP**

  /s/ Jennifer L. Cree         
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
       brown@lrclaw.com
       cree@lrclaw.com

-and-

**BAILEY DUQUETTE P.C.**
James D. Bailey, Esq.
Eric Wertheim, Esq.
100 Broadway, 10th Floor
New York, NY  10005
Telephone:  (212) 658-1946
Facsimile:  (866) 233-5869
Email:  james@baileyduquette.com
       eric@baileyduquette.com

*Counsel for the Supplier Credit Lenders*

**PACHULSKI STANG ZIEHL & JONES LLP**

  /s/ Timothy P. Cairns        
Laura Davis Jones (No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Timothy P. Cairns (No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       akornfeld@pszjlaw.com
       tcairns@pszjlaw.com

*Counsel for Bradley E. Scher, Litigation*
*Trustee to the SC Mesabi Litigation Trust*

4