# Exhibit A

{1115.001-W0067456.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,[1]<br><br>　　　　　　Debtors.<br><br>---<br><br>SC MESABI LITIGATION TRUSTEE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL BANK OF INDIA, AND EXPORT IMPORT BANK OF INDIA,<br><br>　　　　　　Defendants. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered)<br><br><br><br>Adv. Proc. No. 18-50555 (CTG)<br><br><br><br>**Ref. Nos. 35, 38, 40, 50, 52, 54, 56, 58, & 60** |

### NINTH STIPULATION REGARDING THE
### EXTENSION OF THE RESPONSE DEADLINE

This *Ninth Stipulation Regarding the Extension of the Response Deadline* (the "Stipulation") is made as of April 12, 2022, by and among Bradley E. Scher, in his capacity as Litigation Trustee of the SC Mesabi Litigation Trust (the "Trustee"), and the Central Bank of India and the Export-Import Bank of India (together, the "Supplier Credit Lenders" and together with the Trustee, the "Parties").

### RECITALS

**WHEREAS,** on February 12, 2021, the Trustee filed and served the *First Amended Complaint to Avoid Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550; Object to*

---

[1] The last four digits of Essar Steel Minnesota LLC's federal taxpayer identification number are 8770. The last four digits of ESML Holdings Inc.'s federal taxpayer identification number are 8071.

{1115.001-W0067455.}

*Claim Nos. 144 and 154; and Avoid All Liens Related to Such Transfers and Claims* (the "Amended Complaint") [Adv. D.I. 35] in the above-captioned adversary proceeding against the Supplier Credit Lenders;

**WHEREAS,** pursuant to Fed. R. Civ. P. 15(a)(3), which applies in this proceeding pursuant to Fed. R. Bankr. P. 7015, the original deadline for the Supplier Credit Lenders to answer, move or otherwise respond to the Amended Complaint was fourteen (14) days from service of the Amended Complaint (*i.e.*, February 26, 2021) (the "Initial Response Deadline");

**WHEREAS**, on March 1, 2021, the Bankruptcy Court entered the *Order Approving Stipulation Regarding the Extension of the Response Deadline* [D.I. 38] extending the Initial Response Deadline to April 27, 2021 (the "Second Response Deadline");

**WHEREAS**, on April 26, 2021, the Bankruptcy Court entered the *Order Approving Second Stipulation Regarding the Extension of the Response Deadline* [D.I. 40] extending the Second Response Deadline to June 28, 2021 (the "Third Response Deadline");

**WHEREAS**, on June 24, 2021, the Bankruptcy Court entered the *Order Approving Third Stipulation Regarding the Extension of the Response Deadline* [D.I. 50] extending the Third Response Deadline to July 28, 2021 (the "Fourth Response Deadline");

**WHEREAS**, on July 26, 2021, the Bankruptcy Court entered the *Order Approving Fourth Stipulation Regarding the Extension of the Response Deadline* [D.I. 52] extending the Fourth Response Deadline to August 31, 2021 (the "Fifth Response Deadline");

**WHEREAS**, on August 26, 2021, the Bankruptcy Court entered the *Order Approving Fifth Stipulation Regarding the Extension of the Response Deadline* [D.I. 54] extending the Fifth Response Deadline to November 1, 2021 (the "Sixth Response Deadline");

**WHEREAS**, on October 22, 2021, the Bankruptcy Court entered the *Order Approving Sixth Stipulation Regarding the Extension of the Response Deadline* [D.I. 56] extending the Sixth Response Deadline to December 31, 2021 (the "Seventh Response Deadline");

**WHEREAS**, on December 16, 2021, the Bankruptcy Court entered the *Order Approving Seventh Stipulation Regarding the Extension of the Response Deadline* [D.I. 58] extending the Seventh Response Deadline to March 1, 2022 (the "Eighth Response Deadline");

**WHEREAS**, on February 23, 2022, the Bankruptcy Court entered the *Order Approving Eighth Stipulation Regarding the Extension of the Response Deadline* [D.I. 60] (the "February Order") extending the Eighth Response Deadline to April 18, 2022 (the "Current Response Deadline");

**WHEREAS,** the Parties have agreed, as set forth herein, that the Supplier Credit Lenders' Current Response Deadline shall be further extended to June 2, 2022;

**NOW, THEREFORE,** in consideration of the foregoing recitals and the mutual promises hereinafter contained, the Parties, intending to be legally bound, hereby stipulate and agree as follows:

### STIPULATION

1. The Parties agree that notwithstanding anything to the contrary in Fed. R. Civ. P. 15(a)(3), which applies in this proceeding pursuant to Fed. R. Bankr. P. 7015, or the February Order, the Supplier Credit Lenders' Current Response Deadline is hereby extended to June 2, 2022, which may be further extended by agreement of the Parties or order of the Court.

2. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof. The terms of this Stipulation may not be

changed, amended, modified, or altered except by written agreement signed by each of the Parties or confirming emails exchanged by counsel to the Parties.

3. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

4. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

5. This Stipulation shall be governed by and construed in accordance with the United States Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.

6. This Stipulation may be executed in any number of counterparts, and each such counterpart is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Further, electronic signatures or transmissions of an originally signed document by facsimile or electronic mail shall be as fully binding on the Parties as an original document.

7. The Bankruptcy Court shall have and retain jurisdiction to resolve any disputes or controversies arising from, in connection with, or related to this Stipulation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8. Notwithstanding the possible application of any Federal Rule of Bankruptcy Procedure to the contrary, the Order approving this Stipulation shall be in full force and effect upon its entry.

Dated: April 12, 2022

| | |
|---|---|
| **LANDIS RATH & COBB LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| /s/ Kimberly A. Brown | /s/ Timothy P. Cairns |
| Adam G. Landis (No. 3407) | Laura Davis Jones (No. 2436) |
| Kimberly A. Brown (No. 5138) | Timothy P. Cairns (No. 4228) |
| Jennifer L. Cree (No. 5919) | 919 North Market Street, 17th Floor |
| 919 Market Street, Suite 1800 | P.O. Box 8705 |
| Wilmington, DE 19801 | Wilmington, DE 19899-8705 |
| Telephone: (302) 467-4400 | Telephone: (302) 652-4100 |
| Facsimile: (302) 467-4450 | Facsimile: (302) 652-4400 |
| Email: landis@lrclaw.com | Email: ljones@pszjlaw.com |
| brown@lrclaw.com | tcairns@pszjlaw.com |
| cree@lrclaw.com | |
| | *Counsel for Bradley E. Scher, Litigation Trustee to the SC Mesabi Litigation Trust* |
| -and- | |
| **BAILEY DUQUETTE P.C.** | |
| James D. Bailey, Esq. | |
| 100 Broadway, 10th Floor | |
| New York, NY 10005 | |
| Telephone: (212) 658-1946 | |
| Facsimile: (866) 233-5869 | |
| Email: james@baileyduquette.com | |
| | |
| *Counsel for the Supplier Credit Lenders* | |